## HICKS *vs.* THE STATE OF GEORGIA.

Where a presentment for vagrancy, found at the March term, 1884, of the superior court, charged that the defendant, "on the 1st of March, 1884, and on divers other days and times before the finding of the presentment, being able to work and having no property to support him, did wander and stroll about in idleness," and where the only testimony for the state was by two witnesses that defendant was a licensed preacher, but had no church and no pay except voluntary contributions; that neither knew of his working in the year 1884; that one of them saw him several times in town and the other at his church (both witnesses being preachers), and one of them stated that defendant had been of good standing in the Baptist church:

*Held*, that the evidence was not sufficient to warrant a verdict of guilty.

March 30, 1886.

Criminal Law. Verdict. Before Judge CARSWELL. Washington Superior Court. September Term, 1885.

Reported in the decision.

J. A. ROBSON, for plaintiff in error.

OSCAR H. ROGERS, solicitor general, by JAMES K. HINES, for the state.

JACKSON, Chief Justice.

The defendant was indicted and convicted for vagrancy. The sole question is, do the facts proved make him a vagrant. We say the sole question, because we are loth to interfere with the judge's discretion in respect to continuances during term to procure the attendance of a witness.

The indictment was found, or rather the defendant was presented, at the March term, 1884, of Washington superior court; and it alleged that the defendant, " on the 1st of March, 1884, and on divers other days and times before the finding of the presentment, being able to work and having no property to support him, did wander and stroll about in idleness."

The proof is by two witnesses that defendant is a licensed preacher, but has no church, and no pay except voluntary contributions; that neither knew of any possessions he had, and did not know of his working in the year 1884. One of them saw him several times in town, and the other at his church, both witnesses being also preachers, and one stated that he had been of good standing for years in the Baptist church.

The presentment charges the offense on the 1st of March and other times prior to the date of the presentment at the March term of 1884. So that the only evidence to convict him is, that in January and February and part of March, in 1884, two men did not see him work and did not know whether he had any possessions or not, and did not know of his getting any money for preaching, except voluntary contributions, as he had no church in charge.

Confining the evidence to the time of 1884, prior to the presentment, say two months and a half, it certainly is not sufficient to convict, even if such meager evidence could convict, were the period longer.

While the law of vagrancy should be rigidly enforced, against the colored population especially, because many of them do lead idle and vagrant lives, yet none should be convicted without adequate testimony, and sentenced to twelve months in the chain-gang. This one ought to have another trial.

Judgment reversed.